### Govey Hood *v.* R. J. Chambliss.

Where the answers of a party to interrogatories propounded to him in another suit, are offered in evidence against him, an objection to their introduction will not be sustained, upon the ground that he had not an opportunity of explaining himself fully, because the suit in which the interrogatories were propounded was between other persons.

APPEAL from the District Court of Carroll. *J. N. T. Richardson*, J. *Louis Selby*, for plaintiff. *W. Bryan* and *J. B. Bemiss*, for defendant. The judgment of the court was pronounced by

Slidell, J. This action is upon a note signed by the defendant as surety. His defence is, that he has been discharged by reason of delay given to the maker, *Boyd*.

It appears that a contract was made by *Hood* with *Boyd* and *Bell*, by which the two latter contracted to build a gin-house for *Hood*. The price for the work specified in the contract, is stated therein at $1500, none of which was to be paid until after the work was finished. The defendant, in order to prove that *Hood* had given time to *Boyd*, offered in evidence the answers of *Hood* under oath, to interrogatories propounded to him in certain suits brought against him by creditors of *Boyd* and *Hamilton*, whose claims were connected with the building of the gin-house, and who asserted privileges upon the price which *Hood* had contracted to pay for the building. In these answers, *Hood* asserted, that it was agreed with *Boyd* and *Hamilton*, that the note now in suit should be taken by them in payment for building the gin-house ; and in one of them he declares, that this agreement was made when the building contract was entered into. The plaintiff objected to the introduction of this evidence, upon the ground that the answers were made with a view to other issues between other parties, and that when *Hood* answered, he had not an opportunity of making any explanations in his own favor (meaning, we suppose, explanations pertinent to the present controversy.) The objection was accompanied by an offer to answer like interrogatories anew, if put in this cause.

We think the objections to the evidence were properly overruled. It is well settled, that the admissions of a party may be given in evidence against him. Even mere oral admissions in conversation may be proved ; and *a fortiori*, what a person has declared in writing and under oath, should be admissible against him. Such admissions, however, when received, are to be considered as a whole, and with proper reference to the circumstances and occasions. The idea that, when they are so offered, the party who has made them should be permitted, at the trial, to give his own testimony in explanation of them, is entirely novel and inadmissible under our rules of evidence.

The admission, therefore, stands as the admission of a fact which the party cannot be permitted to explain or contradict by his own testimony. If, as was suggested by counsel, *Hood* might have added, if now interrogated, that the agreement respecting the note was made with the consent of *Chambliss*, the surety, the reply is, that although he cannot testify for himself, he was not precluded from proving such assent by other competent evidence.

The plaintiff having made an agreement with the principal debtor, which precluded him from pursuing that debtor during the time necessary for building

the gin-house under the contract, and it not being proved that this arrangement was made with the assent of surety, it follows, that the judgment of the court below, which discharged the surety, must be sustained. C. C. 3030, 3032.

Judgment affirmed, appellants to pay costs of appeal.